ON RETURN TO REMAND

MeMILLAN, Judge.
This cause was remanded with instructions to the trial court to enter an order stating specific findings of fact concerning the issues raised in the appellant’s Rule 32, Ala.R.Cr.P., petition. The trial court, having complied with those instructions, has returned to this court the following findings of fact and order denying the petition.
“This cause came before the Court for a hearing on November 5, 1993. The State of Alabama was represented by the Honorable Christ N. Coumanis, and the Petitioner was represented by the Honorable John Bertolotti, Jr. Testimony was taken from the Petitioner, Mr. Culbert Louis Leverett; Petitioner’s trial counsel, Mr. John W. Coleman; and Petitioner’s Appellate counsel, Mr. Arthur Clarke.
“Mr. Bertolotti stated that there were only two issues which merited consideration by the court, both involving the issue of ineffective assistance of counsel. Based on the record in this case, testimony presented at the hearing and argument of counsel, the Court makes the following findings of fact:
“The petitioner claims that he provided Mr. Coleman with the name and address of a potential witness named Beverly Jones and that Mr. Coleman failed to call that witness at trial to the Petitioner’s detriment. Mr. Coleman testified that Mrs. Jones’s testimony would have been totally irrelevant to the case and that if she had any information that he thought would help in any way toward a defense, he would have called her. Mr. Coleman has practiced law 29 years and criminal law constitutes a substantial portion of his practice. The Court finds that Mr. Coleman’s failure to subpoena or call as a witness Beverly Jones did not result in any detriment to the Petitioner, and Petitioner was not deprived of effective assistance of counsel.
“The Petitioner claims that both his trial counsel and appellate counsel were ineffective for failing to raise the ‘Northington’ issue of whether evidence which proves intentional murder is sufficient to support a conviction of reckless murder. This Court finds that the evidence presented at trial was sufficient to raise a jury question of whether the Defendant’s conduct was *756 intentional or reckless and, therefore, Count I and Count II of the indictment were properly submitted to the jury for [its] consideration.”
There was no error in the trial court’s findings. The judgment is due to be affirmed.
AFFIRMED.
All judges concur.